1  CAROLINE L. FOWLER, City Attorney (SBN 110313)
   MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Rm. 8
3  Santa Rosa, California 95404
   Telephone: (707) 543-3040
4  Facsimile: (707) 543-3055

5  Attorneys for Defendant
   City of Santa Rosa
6

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,              Case No. CV-11 5641 (SBA)

12         Plaintiff,                     NOTICE OF MOTION, MOTION AND
                                          MEMORANDUM OF POINTS AND
13 vs.                                    AUTHORITIES IN SUPPORT OF
                                          MOTION TO DISMISS COMPLAINT
14 CITY OF SANTA ROSA, and LA             UNDER Fed. R. Civ. P. 12(b)(6)
   ESPLANADA UNIT 1 OWNERS'
15 ASSOCIATION,                           Date:    April 24, 2012
                                          Time:    1:00 p.m.
16         Defendants.                    Place:   Courtroom 1 - 4th Floor
                                                   1301 Clay Street, Oakland
17 _____/       Judge:   Hon. Saundra Brown
                                                   Armstrong
18

19                    Notice of Motion and Motion to Dismiss

20         PLEASE TAKE NOTICE THAT on April 24, 2012, at 1:00 p.m. before The Honorable

21 Saundra Brown Armstrong, Courtroom 1, 4th Floor, Oakland, California, Defendant City of Santa

22 Rosa (City) will move this Court for an order dismissing Plaintiff's complaint and/or the

23 "pattern or practice" claim pursuant to *Fed. R. Civ. P.* 12 (b)(6).

24         By this motion, the City requests an order dismissing the complaint or claim for failure to

25 state a claim upon which relief can be granted without leave to amend and with prejudice. This

26 motion is based on this Notice, the Memorandum of Points and Authorities, the pleadings

27 //

28 //

                                          1

on file in this action, and on such further evidence and argument as the Court may permit.

DATED: January 19, 2012

_____
MICHAEL J. CASEY
Assistant City Attorney
Attorney for Defendant City of Santa Rosa

Notice of Motion, Motion and Memorandum of Points and Authorities

## Memorandum of Points and Authorities

### I.

### Introduction

The United States has filed this Fair Housing Act (FHA) enforcement action against the City and a local homeowner's association (HOA). The suit was filed on November 21, 2011, after the defendants elected to have the Department of Housing and Urban Development's (HUD) charge of discrimination heard in Federal District Court under 42 *U.S.C.* § 3612(a). The Government filed this suit on behalf of Vladimir Abramov and La Promenade Villas, LLC, (LPV), the owners and developers of an 84-unit condominium project, that was part of a 120-unit senior housing development.

The complaint alleges that a real estate developer, La Esplanada, Inc., applied to the City in 2009[1] [sic] to rezone a 5-acre parcel so it could build a 120-unit condominium complex exclusively for seniors. (Paragraph 6). The City granted this request and enacted an ordinance that rezoned the parcel to allow the senior project. (Paragraphs 7, 8) The development was built in two phases: Phase I - 36 units and Phase II - 84 units. (Paragraphs 9-12) A homeowners' association was formed for Phase I and CC&R's were recorded in March 2003. (Paragraphs 13, 14) The CC&R's provided that the "project is a development designed to provide housing for senior citizens and is intended to qualify as a senior citizen housing development." (Paragraph 15) "Senior Citizen" is defined in the CC&R's as a person 55 years of age or older. (Paragraph 16) LPV bought the land for Phase II from the original developer in December 2005 and completed construction in 2007. (Paragraphs 19, 22)

The gist of the accusations against the City is the enactment of a rezoning ordinance at the request of the original developer, attending a meeting (Paragraph 27) and two letters sent to LPV, one on January 22, 2009, and the other on July 7, 2009. (Paragraphs 26, 28 and 30) Contrary to the original developer's application, the parcel's zoning and the CC&R's, LPV began leasing Phase II units to families with children. (Paragraph 23) Following requests by the HOA and the City to comply with the senior housing requirements, Abramov and LPV complained to HUD.

---

[1] Planning records from the City show that the application was submitted in 1999.

3

(Paragraph 34)

HUD conducted on investigation of the familial status discrimination claim and issued a charge of discrimination under 42 *U.S.C.* § 3610(g)(2)(A). (Paragraph 36) After an election was made to have the claim heard in Federal District Court, HUD authorized the Attorney General to commence this action under 42 *U.S.C.* § 3612(o). (Paragraph 39)

But, HUD had no authority to issue the charge of discrimination against the City as the matter involved the legality of the City's zoning ordinance and land use regulations. Additionally, the conclusory allegation that the City has engaged in a "pattern or practice" of violating the rights granted by the FHA is not supported by a factual showing of widespread discriminatory conduct on the part of the City. For these reasons, the City brings this motion under *Fed.R.Civ.P.* 12(b)(6).

## II.

## Legal Standard

A complaint may be dismissed under *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive such a motion, the complaint must satisfy the notice pleading requirements of *Fed.R.Civ. P.* 8(a)(2) which requires that the complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d. 979, 988 (9th Cir. 2001). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* In other words, conclusions are not entitled to the assumption of truth and must be supported by factual allegations. *Id.*

A Rule 12(b)(6) motion may be brought for lack of statutory standing, *Vaughn v. Bay*

*Environmental Management, Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009), or where plaintiff lacks the capacity to sue. See *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). A motion to dismiss is also proper if the running of the statute of limitations is apparent from the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

## III.

## The Complaint is Based on a Charge that HUD Was Not Authorized to Issue

Paragraph 36 of the complaint alleges that the Secretary of HUD issued a charge of discrimination against the City for engaging in discriminatory practices. The charge is alleged to have issued pursuant to 42 *U.S.C.* § 3610 (g)(2)(A). The basis of this charge is the City's attempt to enforce its zoning code against LPV. (Paragraphs 26-29) LPV bought the project from a developer who had requested that the City zone the development exclusively for seniors. (Paragraphs 6,19) The City granted this request to change the zoning and passed Ordinance No. 3470 to allow the development to be built as senior housing. (Paragraphs 7, 8)

Paragraph 27 refers to a January 22, 2009 letter issued by the City, referring to a complaint it had received that LPV was leasing units in violation of the zoning limiting occupancy to seniors only. The Government alleges that the City insisted that LPV "contact the City to resolve any violations at the property." (Paragraph 26) The complaint refers to another letter issued by the City on July 7, 2009, basically informing LPV not to sell or lease units in violation of the senior age restriction. Among other things, the City also stated in this letter, that if it did not receive requested information and a proposal to bring the Phase II units into compliance with age restrictions, it would be forced to consider this a "continuing code violation" and take appropriate action. (Paragraph 28)

Of interest, the Government captioned this section of the complaint, "The City of Santa Rosa Enforced Its Zoning Code against [sic] LPV." Paragraphs 32 and 33 allege that as a result of the defendants' conduct, LPV would have to discriminate against families with children. Yet the only conduct attributed to the City is the enactment of a zoning ordinance for the subject parcel, two enforcement letters based upon the ordinance and a meeting in March 2009.

(Paragraphs 7, 8, 26-28)

The basis of the City's conduct is the establishment and enforcement of the zoning ordinance. The complaint cannot be fairly read without concluding that HUD challenged the validity of the City's zoning ordinance, as it applies to this development and its senior housing restriction. However, it was not authorized to issue the charge of discrimination against the City.

Under 42 U.S.C. § 3610(g)(2)c), if the matter involves the legality of a local zoning or other land use law or ordinance, the Secretary shall immediately refer the matter to the Attorney General instead of issuing the charge. See also *United States v. Hayward*, 36 F.3d 832, 835 (9th Cir. 1994). This prohibition against HUD issuing a charge is also provided in HUD regulations, 24 C.F.R. § 103.400(a)(3) which states,

> "If the Assistant Secretary determines that the matter involves the legality of local zoning or land use laws or ordinances, the Assistant Secretary, in lieu of making a determination regarding reasonable cause, **shall** refer the investigative material to the Attorney General for appropriate action under Section 814(b)(1) of the Fair Housing Act, and shall notify the complainant and the respondent of this action by mail or personal service." (emphasis added)

See also Schwemm, *Housing Discrimination Law and Litigation*, (June 2011) §§ 24:5, 24:13 and 26:12. ["If HUD determines that reasonable cause does exist, it shall immediately issue a charge on behalf of the aggrieved person. There are two exceptions to this rule... if the case involves the legality of a zoning or other local land-use law, HUD must refer the case to the Attorney General for appropriate action under § 3614 instead of issuing the charge." § 24:13]

HUD had no authority to issue the charge against the City. Under 42 U.S.C. § 3612(o)(1), the Attorney General apparently has no discretion and is required to file an action once the election under § 3612(a) is made.[2] (See Paragraphs 37-39)

A belated referral from HUD to the Attorney General is of no help. A civil action brought under 42 U.S.C. § 3614(b) must be brought no later than the expiration of 18 months

---

[2] Schwemm notes that in an election case, the Justice Department's prosecutorial discretion is severely limited as the statute requires that it commence and maintain the suit on behalf of the aggrieved person despite the strength of the case. § 24:16.

from the date of the occurrence or termination of the alleged discriminatory housing practice. 42 U.S.C. § 3614(b)(1)(B). In this case, the "enforcement letters" and the zoning ordinance enacted in 2000 appear to be the source of the discriminatory housing practice alleged on the part of the City. The last date alleged for this discriminatory housing practice is July 7, 2009. (Paragraph 28) The suit was filed on November 21, 2011, well after the expiration of the 18-month period.

## IV.

## The Government Has Failed to Sufficiently Plead Facts to Support Widespread Discriminatory Conduct by the City

"Pattern or practice" cases require more than an isolated, accidental, or sporadic discriminatory act. The Government must establish that discrimination was the defendant's regular standard operating procedure rather than the unusual practice . *International Brotherhood of Teamsters v. United States*, 431 U.S., 324, 336 (1977). In other words, the discriminatory conduct must be widespread. The *Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 701-702 (9th Cir. 2009).

Here, the conclusory allegations are insufficient to plead a standard operating procedure of discrimination on the part of the City. Paragraph 47 refers to the City's actions "described above" to support the pattern or practice claim. Examination of these actions leads to an ordinance, a January 22, 2009 letter advising LPV of a complaint and a request to contact the City, a meeting in March 2009, and another letter issued July 7, 2009. The reference to the two "enforcement letters" in Paragraph 30, indicates that this is the discriminatory conduct that is allegedly interfering with LPV's leases with families. Passing an ordinance for a senior development, at the developer's request, sending two letters and having a meeting do not amount to widespread discriminatory conduct. Moreover, considering this claim as a whole, at best, indicates an isolated example of discriminatory conduct.

The FHA and the Housing for Order Persons Act (HOPA) amendments do not outlaw housing for senior citizens. Congress intended to protect families with children while still fully protecting the rights of senior citizens who live in retirement communities to exclude families with children. *Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 936 (9th Cir. 2000). See also

7

*House Report No. 104-91* (March 28, 1995) ["...Consequently, legislation is necessary to establish a workable and fair exemption to protect senior citizens who wish to live in retirement communities." (p. 2) "In passing the Fair Housing Amendments of 1988 and protecting families with children against discrimination, Congress specifically recognized the particular needs of older people to live among their peers in age-restricted communities." (p. 3)], and 64 *Federal Register* No. 63 (April 2, 1999) - Implementation of the Housing for Older Persons Act of 1995; Final Rule ["In short, HOPA was passed in order to protect senior housing." At 16325]

## V.

## Conclusion

For the reasons noted above, the City requests that its Motion to Dismiss the Complaint be granted without leave to amend and with prejudice. In the alternative, the City asks that its Motion to Dismiss the "pattern or practice" claim be granted.

Dated: January 19, 2012

_____
MICHAEL J. CASEY
Assistant City Attorney
Attorneys for the City of Santa Rosa